IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

ORCHID ISLAND TRS, LLC (formerly  )
known as Opteum Financial Services, LLC) )
and BIMINI CAPITAL MANAGEMENT,  )
INC. (formerly known as Opteum, Inc.)  )
                                                                    )
                Plaintiffs,                    )
                                                                    )
v.                                                              )    Civil Action No. 07-CIV-9550
                                                                    )
INDYMAC BANCORP, INC., and       )
INDYMAC BANK, F.S.B.,                      )
                                                                    )
                Defendants.                )
                                                                    )

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

Defendants IndyMac Bancorp, Inc. ("IndyMac") and IndyMac Bank, F.S.B. ("IndyMac Bank") (collectively, "Defendants"), through their undersigned counsel, hereby submit their Answer and Affirmative Defenses to the Complaint filed by Plaintiffs Orchid Island TRS, LLC ("Orchid Island") and Bimini Capital Management, Inc. ("Bimini") (collectively, "Plaintiffs").

## NATURE OF THE ACTION

1. Defendants construe Paragraph 1 of the Complaint as a summary of claims asserted in the Complaint that does not require response. To the extent a response is required, Defendants deny the allegations contained in Paragraph 1 of the Complaint.

2. Defendants deny the allegations contained in Paragraph 2 of the Complaint.

3. Defendants admit that on or about March 16, 2007, IndyMac entered into a Confidentiality Agreement with Opteum Inc. and submit that the Confidentiality Agreement

will speak for itself as to its precise terms. Except as expressly admitted herein, Defendants deny the remainder of the allegations contained in Paragraph 3 of the Complaint.

4. Defendants deny the allegations contained in Paragraph 4 of the Complaint.

## THE PARTIES

5. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5 of the Complaint.

6. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 of the Complaint.

7. Defendants admit that IndyMac is the holding company for IndyMac Bank. Defendants further admit that IndyMac is a Delaware corporation with its principal place of business in California.

8. Defendants admit that IndyMac Bank is a federally chartered corporation with its principal place of business in California. Except as expressly admitted herein, Defendants deny the remainder of the allegations contained in Paragraph 8 of the Complaint.

## JURISDICTION AND VENUE

9. Defendants do not dispute that jurisdiction is proper in this Court.

10. Defendants do not dispute that jurisdiction is proper in this Court.

11. Defendants do not dispute that venue is proper in this Court.

## STATEMENT OF FACTS

12. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12 of the Complaint.

13. Defendants admit that they engage in the business of originating residential mortgage loans throughout the United States and that IndyMac and Opteum Financial Services, LLC formerly were competitors in the residential mortgage loan origination business. Except as expressly admitted herein, Defendants deny the allegations contained in Paragraph 13 of the Complaint.

14. Defendants admit that in the Spring of 2007, IndyMac entered into discussions with Opteum Inc. regarding the sale of Opteum Financial Services, LLC's residential mortgage loan origination business to IndyMac. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations set forth in Paragraph 14 of the Complaint.

15. Defendants admit that on or about March 16, 2007, IndyMac entered into a Confidentiality Agreement with Opteum Inc. in the course of the discussions regarding the potential sale of Opteum Financial Services LLC's residential mortgage loan origination business to IndyMac. Defendants submit that the Confidentiality Agreement will speak for itself as to its precise terms. Except as expressly admitted herein, Defendants deny the allegations contained in Paragraph 15 of the Complaint.

16. In response to the allegations contained in Paragraph 16 of the Complaint, Defendants submit that the Confidentiality Agreement will speak for itself as to its precise terms. Except as expressly admitted herein, Defendants deny the allegations contained in Paragraph 16 of the Complaint.

17. In response to the allegations contained in Paragraph 17 of the Complaint, Defendants submit that the Confidentiality Agreement will speak for itself as to its precise terms.

Except as expressly admitted herein, Defendants deny the allegations contained in Paragraph 17 of the Complaint.

18. Defendants admit that the transaction contemplated by IndyMac and Opteum Inc. was to be an asset purchase. Except as expressly admitted herein, Defendants deny the allegations contained in Paragraph 18 of the Complaint.

19. Defendants admit that on or about March 28, 2007, IndyMac submitted a written non-binding, preliminary indication of interest to Opteum Inc. Defendants submit that the written non-binding, preliminary indication of interest will speak for itself as to its precise terms. Except as expressly admitted herein, Defendants deny the allegations contained in Paragraph 19 of the Complaint.

20. In response to the allegations contained in Paragraph 20 of the Complaint, Defendants submit that the written non-binding, preliminary indication of interest will speak for itself as to its precise terms. Except as expressly admitted herein, Defendants deny the allegations contained in Paragraph 20 of the Complaint.

21. In response to the allegations contained in Paragraph 21 of the Complaint, Defendants submit that the written non-binding, preliminary indication of interest will speak for itself as to its precise terms. Except as expressly admitted herein, Defendants deny the allegations contained in Paragraph 21 of the Complaint.

22. Defendants admit that on or about May 7, 2007, IndyMac was advised that Opteum Inc. had decided not to pursue further negotiations with IndyMac over the sale of Opteum Financial Services, LLC's residential mortgage loan origination business. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations set forth in Paragraph 22 of the Complaint.

23. Defendants admit on information and belief that on or about May 7, 2007, Opteum Inc. entered into an Asset Purchase Agreement with Prospect Mortgage Company, LLC ("Prospect"). Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations set forth in Paragraph 23 of the Complaint.

24. Defendants deny the allegations contained in Paragraph 24 of the Complaint.

25. Defendants admit that the Asset Purchase Agreement between Opteum Inc. and Prospect is publicly available and submit that the Asset Purchase Agreement will speak for itself as to its precise terms. Except as expressly admitted herein, Defendants deny the allegations contained in Paragraph 25 of the Complaint.

26. Defendants deny that they engaged in a "campaign of solicitation" and further deny that all of the individuals listed on Exhibit C to the Complaint currently are employed by them. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations set forth in Paragraph 26 of the Complaint.

27. Defendants admit that on or about May 22, 2007, Opteum Inc. delivered a letter to IndyMac and submit that the letter will speak for itself as to its precise contents. Except as expressly admitted herein, Defendants deny the allegations contained in Paragraph 27 of the Complaint.

28. Defendants admit that Plaintiffs have initiated litigation against certain employees of Defendants in New Jersey Superior Court, Bergen County (the "New Jersey Action"). Defendants submit that the pleadings in the New Jersey Action will speak for themselves.

29. Defendants submit that the Confidentiality Agreement will speak for itself as to its precise terms. Defendants deny that Bimini is entitled to recover its legal fees from Defendants.

## COUNT I
## BREACH OF CONTRACT

30. Defendants incorporate as if fully restated herein their responses to Paragraphs 1 through 29 of the Complaint.

31. Defendants deny the allegations contained in Paragraph 31 of the Complaint.

32. In response to the allegations contained in Paragraph 32 of the Complaint, Defendants submit that the Confidentiality Agreement will speak for itself as to its precise terms.

33. In response to the allegations contained in Paragraph 33 of the Complaint, Defendants submit that the Confidentiality Agreement will speak for itself as to its precise terms.

34. Defendants deny the allegations contained in Paragraph 34 of the Complaint.

35. Defendants deny the allegations contained in Paragraph 35 of the Complaint.

## COUNT II
## BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

36. Defendants incorporate as if fully restated herein their responses to Paragraphs 1 through 35 of the Complaint.

37. Defendants construe the first allegation contained in Paragraph 37 of the Complaint as a conclusion of law that does not require a response. In response to the allegations

regarding the Confidentiality Agreement contained in Paragraph 37 of the Complaint, Defendants submit that the Confidentiality Agreement will speak for itself as to its precise terms.

38. Defendants deny the allegations contained in Paragraph 38 of the Complaint.

39. Defendants deny the allegations contained in Paragraph 39 of the Complaint.

40. Defendants deny the allegations contained in Paragraph 40 of the Complaint.

## COUNT III
## UNFAIR COMPETITION

41. Defendants incorporate as if fully restated herein their responses to Paragraphs 1 through 40 of the Complaint.

42. Defendants deny the allegations contained in Paragraph 42 of the Complaint as stated.

43. In response to the allegations contained in Paragraph 43 of the Complaint, Defendants submit that the Confidentiality Agreement will speak for itself as to its precise terms. Except as expressly admitted herein, Defendants deny the remaining allegations contained in Paragraph 43 of the Complaint.

44. Defendants deny the allegations contained in Paragraph 44 of the Complaint.

45. Defendants deny the allegations contained in Paragraph 45 of the Complaint.

46. Defendants deny the allegations contained in Paragraph 46 of the Complaint.

47. Defendants deny the allegations contained in Paragraph 47 of the Complaint.

## COUNT IV
## AIDING AND ABETTING
## BREACH OF FIDUCIARY DUTIES

48. Defendants incorporate as if fully restated herein their responses to Paragraphs 1 through 47 of the Complaint.

49. Defendants construe the allegation in Paragraph 49 of the Complaint as a conclusion of law that does not require a response.

50. Defendants deny the allegations contained in Paragraph 50 of the Complaint.

51. Defendants deny the allegations contained in Paragraph 51 of the Complaint.

52. Defendants deny the allegations contained in Paragraph 52 of the Complaint.

53. Defendants deny the allegations contained in Paragraph 53 of the Complaint.

54. Defendants deny the allegations contained in Paragraph 54 of the Complaint.

## COUNT V
## TORTIOUS INTERFERENCE WITH CONTRACT

55. Defendants incorporate as if fully restated herein their responses to Paragraphs 1 through 54 of the Complaint.

56. Defendants deny the allegations contained in Paragraph 56 of the Complaint.

57. Defendants deny the allegations contained in Paragraph 57 of the Complaint.

58. Defendants deny the allegations contained in Paragraph 58 of the Complaint.

59. Defendants deny the allegations contained in Paragraph 59 of the Complaint.

**COUNT VI**
**TORTIOUS INTERFERENCE WITH**
**PROSPECTIVE ECONOMIC ADVANTAGE**

60. Defendants incorporate as if fully restated herein their responses to Paragraphs 1 through 59 of the Complaint.

61. Defendants deny the allegations contained in Paragraph 61 of the Complaint.

62. Defendants deny the allegations contained in Paragraph 62 of the Complaint.

63. Defendants deny the allegations contained in Paragraph 63 of the Complaint.

64. Defendants deny the allegations contained in Paragraph 64 of the Complaint.

Except as expressly admitted herein, Defendants deny each and every allegation contained in Plaintiffs' Complaint, including their prayer for relief, and deny that Plaintiffs are entitled to any relief whatsoever.

WHEREFORE, Defendants respectfully request that Plaintiffs' Complaint be dismissed with prejudice with all costs and fees awarded to Defendants as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiffs' claims should be dismissed, in whole or in part, for failure to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the privilege of competition.

### THIRD DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of estoppel, laches, and unclean hands.

### FOURTH DEFENSE

Plaintiffs' recovery of claimed damages is limited or barred by their failure to take reasonable steps to mitigate such alleged damages, the existence of which damages is expressly denied.

### FIFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, for failure of consideration.

### SIXTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because they are not parties or successors-in-interest to the Confidentiality Agreement.

### SEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the alleged agreements between Plaintiffs and Defendants, either in whole or in part, are void and unenforceable.

EIGHTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by a failure of a condition precedent.

NINTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Opteum Inc. and Opteum Financial Services, LLC were the first parties to breach the Confidentiality Agreement.

TENTH DEFENSE

Plaintiffs' are not entitled to punitive damages because they have failed to allege any conduct that qualifies as malicious or wanton, nor have they alleged any public harm.

Defendants reserve the right to amend and/or supplement these Affirmative Defenses.

Submitted this 20th day of November 2007.

By: /s Michael E. Johnson
Michael E. Johnson (MJ 0299)

**ALSTON & BIRD LLP**
90 Park Avenue
New York, New York 10016
212-210-9400

Counsel for Defendants