
**ORIGINAL**

STANTON, J

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

DATE FILED: 5/14/08

ORCHID ISLAND TRS, LLC (formerly )
known as Opteum Financial Services, LLC) )
and BIMINI CAPITAL MANAGEMENT, )
INC. (formerly known as Opteum, Inc.) )
)
Plaintiffs, )
)
v. )  Civil Action No. 07-CIV-9550 (LLS)
)
INDYMAC BANCORP, INC., and )
INDYMAC BANK, F.S.B., )
)
Defendants. )
_____)

## STIPULATED PROTECTIVE ORDER GOVERNING
## CONFIDENTIAL MATERIALS AND INFORMATION

IT IS HEREBY STIPULATED AND AGREED by and between counsel for

Plaintiffs Orchid Island TRS, LLC ("Orchid Island") and Bimini Capital Management,

Inc. ("Bimini") (collectively, "Plaintiffs") and Defendants IndyMac Bancorp, Inc.

("IndyMac") and IndyMac Bank, F.S.B. ("IndyMac Bank") (collectively, "Defendants")

that, pursuant to Fed. R. Civ. P. 26 and other applicable law, in order to facilitate the

disclosure of information during discovery in this action, and for the protection of

confidential and trade secret information that may be produced or otherwise disclosed

during the course of this action by any party or non-party:

1.     Discovery Materials (as defined below) produced during the course of

discovery deemed to contain confidential or trade secret information may be designated

as confidential as follows: (1) by the party or non-party producing or disclosing them

("the Producing Party"), by marking the document or thing with a legend similar to

"Confidential" or "Attorneys' Eyes Only" at the time of production, (2) by any party receiving them (the "Receiving Party"), by making a written – or, if during a proceeding with a court reporter present, an on the record – designation thereafter, or (3) by any other party to this action by making a written – or, if during a proceeding with a court reporter present, an on the record – designation at the time of receipt of disclosure.

2.  For purposes of this Order, "Discovery Material" means all documents, depositions, deposition exhibits, responses to any discovery requests, including responses to interrogatories, document requests, and requests for admission, inspections, examinations of premises, facilities and physical evidence, and any other information or material produced pursuant to the Federal Rules of Civil Procedure or otherwise given or exchanged by or among the parties to this action and includes all copies of such documents or other materials, in hard copy, electronic form, or any other form or format. "Discovery Materials" shall also include all documents, depositions, deposition exhibits, responses to any discovery requests, including responses to interrogatories, document requests, and requests for admission, and any other information or material produced pursuant to discovery obligations in the action denominated <u>Orchid Island TRS, LLC (formerly known as Opteum Financial Services, LLC), et al. v. Gerald Green, et al.</u>, Civil Action No. L-004330-07 and pending in the Superior Court of New Jersey Law Division; Bergen County (the "New Jersey Action"), and includes all copies of such documents or other materials, in hard copy, electronic form, or any other form or format. All Discovery Materials may be used in this action or the New Jersey Action in accordance with the terms set forth herein.

3. The "Confidential" designation is intended to be applied as specified herein to Discovery Material that contains non-public, proprietary, confidential, or personal information that is treated by the proprietor thereof as confidential and proprietary information and that is not otherwise publicly available or accessible, including but not limited to, business, financial, research, development or other commercial information that requires the protections provided in Paragraph 5 of this Order.

4. The "Attorney's Eyes Only" designation is intended to be applied as specified herein to Discovery Material that contains information that is both confidential (as defined in Paragraph 3 above) and that also comprises trade secret or commercially sensitive information requiring the protections provided in Paragraph 6 of this Order in order to protect sensitive commercial information that should not be disclosed to a competitor.

5. Except as otherwise provided by Court order or as consented to by the party designating the materials as "Confidential" or "Attorneys' Eyes Only" (the "Designating Party"), Discovery Material designated "Confidential," copies thereof, and any confidential information contained therein shall not be disclosed to any person except:

   (a) the Court and its officers;

   (b) outside counsel and employees of outside counsel whose firms have made an appearance as counsel of record for this action or the New Jersey Action, who shall use such information solely for purposes of this action or the New Jersey Action;

   (c) non-party experts or independent consultants engaged by outside counsel or by the parties to assist in this action or the New Jersey Action, who shall use such information solely for purposes of this action or the New Jersey Action,

provided that each such expert or independent consultant signs a confidentiality agreement in the form attached hereto as Exhibit "A" prior to receiving any confidential information, documents or things;

(d)     the Receiving Party (if an individual) or officers, directors or employees of the Receiving Party (if not an individual), who shall use such information solely for purposes of this action or the New Jersey Action, provided that each such individual officer, director or employee signs a confidentiality agreement in the form attached hereto as Exhibit "A" prior to receiving any confidential information, documents or things;

(e)     witnesses or deponents whose testimony is reasonably related to such confidential information, provided that each such witness or deponent signs a confidentiality agreement in the form attached hereto as Exhibit "A" as to confidential documents he or she is shown; or

(f)     persons that can demonstrate prior knowledge of the information or materials.

6.     Except as otherwise provided by Court order or as consented to by the Designating Party, Discovery Material designated "Attorney's Eyes Only," copies thereof, and any highly confidential trade secret or commercially sensitive information contained therein shall not be disclosed to any person except:

(a)     the Court and its officers;

(b)     in-house counsel of the Receiving Party, who shall use such information solely for purposes of this action or the New Jersey Action;

(c)     outside counsel and employees of outside counsel whose firms have made an appearance as counsel of record for this action or the New Jersey Action, who shall use such information solely for purposes of this action or the New Jersey Action;

(d)     non-party experts or independent consultants engaged by outside counsel or by the parties to assist in this litigation, who shall use such information solely for purposes of this action or the New Jersey Action, provided that each such expert or independent consultant signs a confidentiality agreement in the form attached hereto as Exhibit "A" prior to receiving any confidential information, documents or things.

(e)     witnesses and deponents of the Designating Party; or

(f)     persons that can demonstrate prior knowledge of the information or materials.

7.     With regard to marking documents and things with the appropriate confidentiality classification, each page of the document that contains confidential or trade secret information shall be so marked in a prominent location and, in the case of a thing, the legend shall be securely affixed to the thing in a prominent location.

8.     Any written discovery response containing confidential or trade secret information shall be marked with the legend "Confidential" or "Attorney's Eyes Only."

9.     Upon the assertion by counsel for any party or non-party during the course of a deposition upon oral examination that a question propounded calls for the oral disclosure of confidential or trade secret information, all other parties and their representatives, except counsel, shall be excluded from the deposition until the inquiry concerning such confidential or trade secret information is concluded. The testimony so given shall be designated as "Confidential" or "Attorneys' Eyes Only," as shall the portion of the transcript of the deposition concerning the information.

10.    Nothing contained in the foregoing paragraphs shall prohibit counsel from designating any document, thing, testimony or information as "Confidential" or "Attorneys' Eyes Only" subsequent to its first disclosure or production; provided, however, that any such subsequent designation: (a) must be in writing or on the record during a deposition or hearing; (b) must specifically identify the document, thing, testimony or information so designated; and (c) shall only apply to the treatment and disclosure of such documents, things, testimony or information by the Receiving Party after such written designation is received by the Receiving Party. Where a party designates information or materials "Confidential" or "Attorneys' Eyes Only" pursuant to

this paragraph, the Receiving Party shall immediately retrieve the information or materials, and any copies thereof, from any persons not authorized to hold them under this Order.

11. Counsel for the Receiving Party shall maintain the original of each confidentiality agreement in the form attached hereto as Exhibit "A" signed pursuant to Sections 5(c)(d)(e) and 6(d) of this Stipulated Protective Order. At any time during this litigation, any party or non-party may request an *in camera* inspection by the Court to monitor compliance with the confidentiality agreement provisions of the order as may be necessary.

12. The parties shall make every reasonable effort to act in good faith to limit and curtail the volume of information, documents, things, testimony or other materials designated by them as "Confidential" or "Attorney's Eyes Only" under this Stipulated Protective Order; shall use their best efforts to act in good faith to separate out and segregate documents, things and other materials containing confidential or trade secret information from those that do not contain confidential or trade secret information; shall use their best efforts to act in good faith to limit the number of persons to whom confidential or trade secret information is to be disclosed; and shall confer with each other in good faith for the purpose of attempting to limit and curtail the volume of information and materials to be so designated, consistent with the provisions above. The burden of proof regarding the level of confidentiality of any information shall at all times be on the party claiming that Discovery Material warrants a confidentiality designation.

13. Nothing in this Stipulated Protective Order shall be taken as or constitute an indication or acknowledgment by any party other than the Designating Party that any

information, documents, testimony or things are in fact confidential or trade secrets or are entitled to confidential treatment.

14.     To the extent that any party (the "Objecting Party") disagrees with the designation of any information, documents, testimony or things as "Confidential" or "Attorney's Eyes Only," the Objecting Party shall confer in good faith with the Designating Party in an effort to resolve the disagreement. If the parties are unable to resolve the disagreement following such good faith conference, any party may seek a ruling from the Court determining that the information, documents, testimony or things are or are not entitled to the confidentiality protection signified by the confidentiality legend on the document pursuant to the terms of this Stipulated Protective Order. In the event that any party timely makes application to the Court, information and materials designated as "Confidential" or "Attorney's Eyes Only" shall remain subject to the provisions of this Stipulated Protective Order unless and until the Court determines that such materials are not entitled to such protection.

15.     All Discovery Materials designated as "Confidential" or "Attorneys' Eyes Only" that are filed with the Court, and all pleadings, motions or other papers filed with the Court that contain or disclose confidential information, shall be filed in sealed envelopes bearing an appropriate legend identifying the enclosed materials and indicating their confidential nature under the terms of this Stipulated Protective Order, and shall be kept under seal until further Order of the Court; provided, however, that such information shall be available to the Court and to persons listed above, as appropriate given the nature of the confidentiality legend affixed to the information. The sealed envelopes shall be

marked with the caption of this action and bearing a statement substantially in the following form:

**CONFIDENTIAL**

**FILED UNDER SEAL PURSUANT TO A STIPULATION AND ORDER GOVERNING CONFIDENTIALITY OF MATERIALS AND INFORMATION IN THIS LITIGATION.**

**THIS ENVELOPE IS NOT TO BE OPENED NOR THE CONTENTS THEREOF DISPLAYED OR REVEALED EXCEPT BY OR TO PERSONS AUTHORIZED TO RECEIVE SUCH INFORMATION UNDER THE ABOVE-REFERENCED STIPULATION AND ORDER OR BY COURT ORDER.**

In addition, the first page of each such confidential written submission shall contain the legend "Contains Information Designated as Confidential Pursuant to the Stipulation and Order." Nothing in this Order shall prevent any party from using any material designated as "Confidential" or "Attorneys' Eyes Only" at trial, except as designated in the consolidated Pretrial Order. Notwithstanding the foregoing, however, all Discovery Materials offered or introduced into evidence, or submitted or displayed to the jury at the trial of this action shall be submitted without any legends or markings otherwise required or provided for under this Order.

16. The parties agree that documents produced by any party or non-party in the New Jersey Action shall be treated as if produced in this action. The parties agree that the depositions of witnesses taken in connection with the New Jersey Action shall be treated as if taken in this action. Any such documents or deposition transcripts (or portions of the transcripts) bearing the designation "Confidential" or "Attorneys' Eyes Only" (or bearing substantively similar designations) shall be treated as if produced in

this action in accordance with this Stipulated Protective Order, and the use of such documents or deposition transcripts in this action shall be governed by the pertinent terms and limitations of this Stipulated Protective Order.

17.    The conditions of this Stipulated Protective Order shall remain in full force and effect during any appeal hereafter taken by any party. Upon the conclusion of this litigation, all information that has been designated "Confidential" or "Attorneys' Eyes Only" under the terms of this Stipulated Protective Order (including all copies and abstracts thereof) shall be returned to the Producing Party or shall be destroyed by counsel. Nothing contained in this paragraph shall, however, require the removal from the Court's file of any brief, pleading, motion, affidavit, or other paper submitted to this Court during the pendency of this litigation, but documents filed under seal with the Court and bearing the notation that they contain "Confidential" or "Attorneys' Eyes Only" information shall at the conclusion of the litigation remain permanently sealed by the Court.

18.    This Stipulated Protective Order shall remain in force and effect until modified, superseded or terminated by further Order of the Court or by agreement of the parties, and shall survive the termination of this action. The entry of this Stipulated Protective Order shall be without prejudice to the rights of either party to apply for additional or different protection where it is deemed necessary, or to seek to compel the production or disclosure of additional or different information, or the rights of the parties to agree between themselves, subject to the Court's approval, if necessary, as to any specific additional or different protection or provisions for treatment of any specific information, documents, testimony or things.

19. In the event additional parties or attorneys join or are joined in this action, they shall not be given access to any Discovery Material designated "Confidential" or "Attorneys' Eyes Only" until they have filed a written stipulation in this proceeding agreeing to be bound by this Order.

20. If the Court determines that any party has violated the terms of this Order, it may impose contempt sanctions against that party as it deems appropriate. Further, any violation of the terms of this Order, and/or any improper disclosure or use of any document, information, or Discovery Material designated as "Confidential" or "Attorneys' Eyes Only" (including, without limitation, any information contained therein or derived therefrom), may cause irreparable harm to one or more of the parties to this Order and may permit the Court to award any appropriate relief to a party, including, without limitation, injunctive relief and/or an award of damages, costs, and/or attorneys' fees.

21. This Stipulated Protective Order shall be governed by and construed in accordance with the laws of the State of New York.

SO ORDERED:

_____Louis L. Stanton_____
HON. LOUIS L. STANTON, U.S.D.J.

DATED: ____May 14____, 2008
New York, New York

Stipulated to by:

EDWARDS ANGELL PALMER & DODGE LLP
750 Lexington Avenue
New York, NY
(212) 308-4411

and

One Giralda Farms
Madison, NJ 07940
(973) 520-2300

By: _Kenneth J. Cesta_ ("by express permission of ELC")
Robert Novack
Kenneth J. Cesta

*Attorneys for Plaintiffs*


ALSTON & BIRD LLP
90 Park Avenue
New York, NY 10016-1387
(212) 210-9400

and

One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3424
(404) 881-7000

By: _____
Michael E. Johnson
Erin L. Connolly

*Attorneys for Defendants*

"EXHIBIT A"

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

ORCHID ISLAND TRS, LLC (formerly )
known as Opteum Financial Services, LLC) )
and BIMINI CAPITAL MANAGEMENT, )
INC. (formerly known as Opteum, Inc.) )
                                              )
        Plaintiffs,    )
                                              )
v.                                             )    Civil Action No. 07-CIV-9550
                                             )
INDYMAC BANCORP, INC., and )
INDYMAC BANK, F.S.B., )
                                             )
        Defendants.   )

## AGREEMENT TO COMPLY WITH STIPULATED PROTECTIVE ORDER GOVERNING CONFIDENTIAL MATERIALS AND INFORMATION

1.     I have read the Stipulated Protective Order Governing Confidential Materials and Information ("Stipulated Protective Order") entered by the Court in the above-captioned matter (the "Litigation").

2.     I have been informed that materials being shown or provided to me contain information that has been designated "Confidential" or "Attorney's Eyes Only," as defined in the Stipulated Protective Order.

3.     I hereby represent that I will not divulge, or undertake to divulge, any material designated as "Confidential" or "Attorney's Eyes Only" or information contained therein or derived therefrom except as authorized in the written Stipulated Protective Order. I further represent that I will not use any such material or information for any purpose other than the Litigation, and that at the termination of the Litigation, I

will return all designated Discovery Material provided to me, including all extracts and summaries of such materials or information contained therein or derived therefrom, to the counsel from whom I received such Discovery Material.

4. I hereby agree to abide by the terms of the Stipulated Protective Order. Solely for purposes of enforcing the terms of the Stipulated Protective Order, I hereby submit to the jurisdiction of the United States District Court for the Southern District of New York. In the event of the breach of this Agreement, I recognize that the party producing or designating the "Confidential" or "Attorneys' Eyes Only" Discovery Material, as well as any other party with an interest in any confidential or trade secret, information may pursue all civil remedies available to it as a third-party beneficiary of this Agreement.

DATED:_____

Signature:_____

Printed Name:_____

Company Name:_____

Address:_____

City:_____

State and Zip Code:_____

Telephone:_____